IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** | |
| Plaintiff, | |
| v. | Case No. 10 C 2882 |
| **ILLINOIS CENTRAL RAILROAD CO.,** d/b/a **CANADIAN NATIONAL RAILROAD,** | Hon. Harry D. Leinenweber |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

For the stated herein, Defendant Illinois Central Railroad Company's Motion for Summary Judgment is granted.

I. **BACKGROUND**

Illinois Central Railroad Company (the "Defendant") operates and maintains a railroad. In August 2009, *pro se* Plaintiff Michael McKinzy (the "Plaintiff") submitted an application for an open locomotive electrician position at Defendant's Woodcrest shop in Homewood, Illinois. In August 2009, Defendant invited Plaintiff for an interview in Homewood. Defendant alleges that approximately sixteen other candidates were interviewed the same day as Plaintiff for various positions at the Woodcrest shop. Angela Lee ("Lee"), one of Defendant's recruiters, interviewed Plaintiff. Shortly after the interview, Lee extended a conditional offer of employment to Plaintiff for a locomotive electrician position, which Plaintiff

accepted. (Around this time, Defendant alleges that it extended approximately ten other conditional offers to individuals for various positions at the Woodcrest shop.)

On August 21, 2009, Defendant's upper management issued a directive stating that it planned to close and relocate the Woodcrest shop. As a result, the directive instructed recruiters to freeze all hiring for the Defendant's Woodcrest shop and rescind all outstanding conditional offers of employment. Shortly thereafter, Lee contacted all ten individuals (including Plaintiff) who received conditional offers for Woodcrest and notified them that their conditional offers had been rescinded due to a hiring freeze. Defendant alleges that of those individuals whose offers were rescinded, at least three were African-American, at least one was Hispanic, and at least four were Caucasian. Defendant also maintains that after August 21, 2009, it did not hire a single locomotive electrician for its Woodcrest Shop until 2011.

At some point after Defendant rescinded Plaintiff's offer of employment, Plaintiff filed an action with the Equal Employment Opportunity Commission (the "EEOC") alleging that Defendant rescinded Plaintiff's offer due to Plaintiff's race. On April 29, 2010, the EEOC disposed of Plaintiff's action issuing him a Right-To-Sue letter. (This was not the first filing Plaintiff made with the EEOC against Defendant. Plaintiff had also filed actions

against Defendant in or around November 2007, April 2008, and October 2009 alleging race discrimination.)

On May 10, 2010, Plaintiff filed a two-count Complaint against Defendant in this Court. Plaintiff alleges that Defendant unlawfully discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. § 1981. Plaintiff also alleges that Defendant retaliated against him in violation of 42 U.S.C. § 1981 when Defendant learned of Plaintiff's previously filed charges against Defendant. Defendant now moves for summary judgment alleging that Plaintiff's claims fail as a matter of law.

## II.  **LEGAL STANDARD**

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if the evidence would permit a reasonable jury to find for the non-moving party. A dispute is material if it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party satisfies its burden, the non-movant must present facts to show a genuine dispute exists to avoid summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The Court construes all facts and draws all reasonable inferences in favor of the non-moving party.

*Ricci v. DeStefano*, 129 S.Ct. 2658, 2677 (2009). To establish a genuine issue of fact, the non-moving party "must do more than show that there is some metaphysical doubt as the material facts." *Sarver v. Experian Info. Sys.*, 390 F.3d 969, 970 (7th Cir. 2004).

If a party asserts that a fact cannot be, or is genuinely disputed, it must support that assertion with citations to materials in the record. FED. R. CIV. P. 56(c)(1). Such cited materials must be served and filed. N.D. Ill. R. 56.1. A court need only consider cited materials, but it is within the court's discretion to consider the entire record. FED. R. CIV. P. 56(c)(3). If a party fails to support an assertion, the court may consider the fact undisputed, and grant summary judgment if the record supports it, or issue any other appropriate order. FED. R. CIV. P. 56(e).

### III. <u>DISCUSSION</u>

Defendant claims summary judgment is appropriate because Plaintiff failed to comply with Local Rule 56.1 since Plaintiff failed to serve and file its brief and supporting materials to the Court. Defendant further contends that summary judgment should be granted because Plaintiff fails to establish a *prima facie* case on any of his claims.

**A. Plaintiff's Failure to Comport with Local Rule 56.1**

After receiving Defendant's Motion for Summary Judgment, Plaintiff submitted a document to Defendant entitled, "Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment and Statement of Material Facts to Which There Remain Genuine Issues." Defendant included this document in its reply to the Court, but Plaintiff failed to file this document or any other document purporting to be a response with the Court as is required by Local Rule 56.1. *See* [ECF No. 47-1 at 12-14.]; N.D. Ill. R. 56.1(b)(3).

After Defendant filed its reply brief in support of its motion for summary judgment, the Court noted that Defendant failed to adhere to Local Rule 56.2 by failing to issue the requisite notice to Plaintiff. N.D. Ill. R. 56.2. As a result, on August 17, 2012, this Court instructed Defendant to provide Plaintiff the requisite notice and granted Plaintiff an additional three weeks to file an amended response to Defendant's Summary Judgment Motion. *See* [ECF No. 49] (Aug. 17, 2012).

On August 20, 2012, Defendant provided Plaintiff appropriate notice pursuant to Rule 56.2. However, despite this Court's explicit instructions, Plaintiff has failed to file a response to Defendant's summary judgment motion to date.

The Court recognizes that Plaintiff is a *pro se* litigant, and because of this has given Plaintiff leniency in adhering to the Local Rules and even gave Plaintiff a second chance to file

- 5 -

response. *See generally Reliford v. Ghosh*, No. 10-3555, 2012 WL 2458565 at *2 (N.D. Ill. June 27, 2012) (stating that while "pro se plaintiffs are entitled to lenient standards, compliance with procedural rules is required.") Plaintiff, however, has failed to take advantage of the Court's leniency and has failed to comply.

The Seventh Circuit has repeatedly held that "a district court is entitled to expect strict compliance with Rule 56.1." *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). "Local Rule 56.1(b)(3) governs the nonmovant's response to the movant's statement of facts and the nonmovant's statement of additional facts." *Malec v. Sanford*, 191 F.R.D. 581, 583-84 (N.D. Ill. 2000). The rule is an important litigation rule because the consequences of failing to satisfy its requirements are severe. "Essentially, the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant . . . because the movant's factual allegations are deemed admitted." *Id.* at 584.

Therefore, after taking into account that Plaintiff is a *pro se* Plaintiff, and taking into account the additional time this Court granted Plaintiff, the Court finds it appropriate to grant Defendant's Motion for Summary Judgment irrespective of the merits of Plaintiff's claim. However, summary judgment would still be appropriate even if the Court were to take into account those

arguments pled in Plaintiff's "Suggestions in Opposition to Defendant's Motion for Summary Judgment and Statement of Material Facts to Which There Remain Genuine Issues," which were given to Defendants and submitted by Defendants to the Court.

### B. Plaintiff's Race Discrimination Claims

When analyzing whether a plaintiff has established a race discrimination claim, "Title VII and Section 1981 are analyzed in the same manner." *Mason v. City of Chicago*, 436 F.Supp.2d 946, 958 (N.D. Ill. 2006). In order for a plaintiff to prove discrimination under Title VII and Section 1981, the plaintiff must provide the Court either direct evidence of an employer's discriminatory intent, or indirect evidence of disparate treatment. *Turner v. Hous. Auth. of Jefferson Cnty.*, 188 F.Supp.2d 1066, 1076 (N.D. Ill. 2002). If a plaintiff is using indirect evidence, the Supreme Court case, *McDonnell Douglas Corporation v. Green* provides the appropriate standard. *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, in the context of failure to hire, a plaintiff must demonstrate that: (1) he belongs to a protected class; (ii) he is qualified for the position; (iii) he was rejected for the position despite his qualifications; and (iv) the open position was given to another individual outside the protected class who was "similarly or less qualified" than he was. *Hobbs v. City of Chi.*, 573 F.3d 454, 460 (7th Cir. 2001). If

plaintiff can establish this, "a presumption of discrimination arises, and the burden shifts to the defendant to come forward with evidence of a legitimate, non-discriminatory reason for discharging the plaintiff." *Id.* Once the defendant has satisfied this burden of production, the burden shifts back to the plaintiff "to show that the employer's stated reasons for its action are pretextual." *Debs v. Northeastern Illinois University*, 153 F.3d 390, 395 (7th Cir. 1998).

Defendant argues that Plaintiff's race discrimination claims fail because Plaintiff is unable to show that the fourth element required in *McDonnell Douglas* has been satisfied; that is, that the position Plaintiff did not receive was filled by an individual outside of his protected class. In the alternative, Defendant argues that Plaintiff has failed to establish that Defendant's stated reason for rescinding the offer was pretextual.

Defendant provides this Court sufficient evidence which establishes that the position Plaintiff initially received an offer for was never filled due to a hiring freeze. Defendants specifically point to the declarations of Lee, and Allan Rothwell, Defendant's Director of Human Resources, as support. *See* Def.'s App. Of Ex. In Supp. of its Mot. For Summ. J. Ex. 2 & Ex. 3, [ECF No. 43-1, Page ID #250-52 & Page ID #265-66.]

Specifically, in her declaration, Lee avers, "[a]fter rescinding the conditional offers in August 2009, pursuant to the

hiring freeze I did not hire any further electricians or other personnel for the Woodcrest locations." Def.'s App. Of Ex. In Supp. of its Mot. For Summ. J. Ex. 2 at 3, [ECF No. 43-1, Page ID #252.] Defendant further states "[t]he first locomotive electrician hiring to take place at Woodcrest after IC [Defendant] rescinded its conditional offer of employment did not occur until April 18, 2011, one and a half years after McKinzy's offer was rescinded." Def.'s Reply to Pl.'s Opp'n Mot. For Summ. J. at 7 [ECF No. 45.]

The Court finds this evidence persuasive. Moreover, Plaintiff has not provided the Court any evidence to refute Defendant's undisputed Rule 56.1 facts or offer any evidence to show that Defendant's hiring freeze was pretextual. Indeed, the only "response" Plaintiff provides is that since the hiring freeze, Defendant hired an individual in its mechanical department at the Woodcrest shop. *See* Def.'s Reply to Def.'s Mot. for Summ. J. Ex. 1 at 12. Whether or not Defendant has hired *any* employees since the August 2009 hiring freeze is insufficient to establish Plaintiff's case. Rather, Plaintiff must demonstrate that Defendant hired a different employee outside his protected class for the locomotive electrician position he was offered in order to satisfy the final element under *McDonnell Douglas*. Thus, because Plaintiff fails to satisfy the final element under *McDonnell Douglas*, and because Plaintiff failed to put forward any direct or circumstantial

evidence which would create a triable issue of whether the adverse employment action had a discriminatory motivation, or was otherwise a guise for racial discrimination, Defendant's motion for summary judgment regarding Plaintiff's race claims is granted. *See Rivera v. Ty, Inc.*, 819 F.Supp.2d 705, 707-08 (N.D. Ill. 2009) (granting a defendant's motion for summary judgment where the plaintiff failed to file a response brief in an age discrimination suit and failed to present evidence of discrimination.)

### C. Plaintiff's Retaliation Claim

Defendant argues summary judgment should be granted with regards to Plaintiff's retaliation claim because Plaintiff fails to establish a *prima facie* case.

"The *McDonnell Douglas* burden-shifting formula applies to retaliation claims just as it applies to discrimination claims." *Pafford v. Herman*, 148 F.3d 658, 670 (7th Cir. 1998). To establish a *prima facie* case of retaliation with indirect evidence, a plaintiff must demonstrate that (1) he engaged in a statutorily protected expression, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected expression and the adverse employment action. *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1146 (7th Cir. 1997).

While the Court determines that Plaintiff can satisfy the first two elements of the formula, the Court finds here again that

Plaintiff fails to establish the final element – the causal connection between Plaintiff's protected activity (his prior filings of EEOC claims) and his adverse employment action (the rescinding of the conditional employment offer). Plaintiff asserts that a causal link exists, yet Plaintiff's only support for such a proposition is his own deposition testimony. Specifically, in his "Suggestions in Opposition to Defendant's Motion for Summary Judgment and Statement of Material Facts to Which There Remain Genuine Issues," Plaintiff alleges that Defendant, "extended Plaintiff a conditional offer of employment on or about August 19, 2009, [and the] offer of employment was rescinded three days later, due to Plaintiff's race and in retaliation for Plaintiff's EEOC charge of race discrimination filed against IC [Defendant] on February 23, 2009." *See* Def.'s Reply to Def.'s Mot. for Summ. J. Ex. 5 at 13 [CM/ECF No. 47-1, Page ID #330]. The only support Plaintiff provides for this bald assertion is his own self-serving deposition, which this Court finds not only unpersuasive, but also irrelevant. *See Darchak v. City of Chicago Board of Education*, 580 F.3d 622, 631 (7th Cir. 2009) (stating that "uncorroborated, self-serving testimony cannot support a claim if the testimony is based on speculation, intuition, or rumor . . . "); *see also Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (finding that "conclusory allegations unsupported by specific facts, will not suffice" to

survive summary judgment motions.) The specific section Plaintiff directs this Court to in his deposition merely states:

> Q: So you said – we were just talking about the fact that you were invited in or around August of 2009 to interview in Homewood, Illinois; is that correct?
>
> A: It's either August or April. I know I have – without documents to recollect the exact date, but I know I did get invited, and I did travel here for an in-person interview. And I was hired, and then had the position withdraw three days later.

McKinzy Dep. 164:15-22;[ECF No. 47-1, Page ID #346].

The Court finds these statements along with the other referenced sections of Plaintiff's deposition, to be insufficient to support the proposition that Defendant rescinded Plaintiff's offer of employment because of his race and/or in retaliation of Plaintiff's prior EEOC claims against Defendant. Plaintiff fails to provide a single fact which could suggest that the reason his offer of employment was rescinded due to his prior EEOC filings.

Defendant, on the other hand, provides the Court specific facts to support its argument that Plaintiff's retaliation claim fails. Defendant notes that because Lee invited Plaintiff to interview for various positions after Lee learned of Plaintiff's prior claims with the EEOC, this strongly suggests a break in any possible causal connection between Plaintiff's adverse employment action and his prior filings. Defendant also points out that Plaintiff cannot establish that any of the other individuals, who

had not previously filed EEOC claims and had their conditional offers rescinded, were treated differently than Plaintiff.

The Court finds Plaintiff fails to support his claim that a causal connection exists between his filings with the EEOC and the rescinding of his conditional offer of employment. As such, the Court grants Defendant's motion for summary judgment with regards to Plaintiff's retaliation claim.

### IV. CONCLUSION

For the reasons stated herein, the Court grants Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                             Harry D. Leinenweber, Judge
                                             United States District Court

**DATE:** 9/27/2012